■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE OSCAR DORNBLUT, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, entered February 3, 1964 after a jury trial, convicting him of burglary in the third degree and grand larceny in the first degree, and imposing concurrent sentences on both counts. Judgment modified on the law and facts as follows: (1) by striking out the provisions convicting defendant of burglary in the third degree as a felony and imposing sentence therefor; and (2) by substituting therefor a provision convicting defendant of the misdemeanor of unlawful entry (Penal Law, § 405), and sentencing him to serve a term of one year (Penal Law, § 1937), such term to run concurrently with the term under the sentence imposed on the larceny count. As so modified, the judgment is affirmed. In our opinion, the evidence was legally insufficient to establish defendant's guilt of the crime of burglary in the third degree. There was no proof from which it could be inferred that defendant "broke" into the plant by opening a closed window in violation of the statute (Penal Law, § 404). However, in our opinion, the proof adduced was sufficient to establish defendant's guilt of the crime of unlawful entry under the burglary count. The evidence as to the larceny is supported by the record. The judgment should be modified accordingly (Code Crim. Pro., § 543, subd. 2; *People* v. *Owens,* 20 A D 2d 900). Brennan and Hill, JJ., concur; Christ, Acting P. J., concurs with the following memorandum, in which Hopkins and Benjamin, JJ., join: I concur because I feel bound by the determination of the Court of Appeals in *People* v. *Campagne* (21 A D 2d 908, affd. 16 N Y 2d 576). I feel constrained to note that again in this case, and now for the second time, a defendant will have been convicted and his conviction affirmed and yet not one word will have been said to the jury to the effect that a defendant is presumed to be innocent. This presumption has been such a fundamental concept of Anglo-American law that I foresee with regret its eventual disappearance from the criminal jury trial. If the appellate courts do not insist that the historic presumption of

innocence must be explicitly charged and, in the plain language of the statute (Code Crim., Pro., § 389), called to the jury's attention, we will soon have dissipated and lost a great protective right of every defendant in a criminal case.